**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| YUYO'S TOWING, INC., ) | |
| ) | |
| ) | |
| Plaintiff ) | CASE NO. 2:24-CV-00410 |
| ) | |
| V. ) | |
| ) | |
| BEST TOWING, INC., YUSNIEL MARTINEZ, ) | |
| YUYO'S TOWING GROUP LLC, ANGEL ) | |
| TOWING CORP., and ANGEL MARTINEZ, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MOTION TO DISMISS COUNTS II AND III OF PLAINTIFF'S COMPLAINT**

**I.   Concise Statement of Precise Relief Requested**

Defendants BEST TOWING, INC., YUSNIEL MARTINEZ, YUYO'S TOWING GROUP LLC, ANGEL TOWING CORP., and ANGEL MARTINEZ ("Defendants") pursuant to Federal Rule of Civil Procedure (12)(b)(6), hereby move to dismiss Counts II and III of Plaintiff YUYO'S TOWING INC.'s ("Plaintiff") Complaint for failure to state a cause of action.

**II.   Statement of the Basis for the Request**

Plaintiff has failed to allege facts sufficient to support a cause of action for Counts II and III. Specifically, with regard to Count II, Plaintiff has failed to allege how the entities known as "Best Towing, Inc," "Angel Towing Corp.," "Yusniel Martinez" and "Angel Martinez" have adopted a mark or are otherwise

1

misappropriating the name "YUYO'S" in a manner that is confusing to consumers. For Count III, applicable to all Defendants, Plaintiff failed to allege that its purported trademark is so famous as to support a claim for trademark dilution under Section 495.151, Florida Statutes. Instead, for both claims, Plaintiff alleges threadbare conclusions and recitations of the cause of actions' elements that are insufficient to support its claims.

### III. Legal Memorandum in Support of Request

#### A. Standard of Review

A court reviewing a motion to dismiss will grant the motion when it appears that the plaintiff can prove no set of facts that would ultimately entitle them to relief. *See Searer v. Wells*, 837 F. Supp. 1198, 1199 (M.D. Fla. 1993). When reviewing a motion to dismiss, the court asks whether, in the light most favorable to the plaintiff, the allegations contained in the complaint state a plausible cause of action. *See Miller v. Byers,* 833 Fed.Appx. 225, 227 (11th Cir. 2020). However, conclusory allegations and threadbare recitals of elements are insufficient to state a cause of action. *Pouyeh v. Bascom Palmer Eye Inst.*, 613 Fed.Appx 802, 808 (11 Cir. 2015) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). When reviewing a Motion to Dismiss, the court is bound to consider only the allegations contained within the four corners of the complaint and any accompanying attachments, and cannot rely on outside information or evidence. *See Prime Time Sports Grill, Inc. v. DTW 1991 Underwriting Ltd.*, 508 F. Supp. 3d 1170, 1174 (M.D. Fla. 2020).

### B. Count II of Plaintiff's Complaint Fails to State a Cause of Action Against Angel Martinez, Angel Towing Corp., Yusniel Martinez, and Best Towing Corp.

Count II of Plaintiff's Complaint attempts to assert a claim for trademark infringement under 15 U.S.C. § 1125(A) against all of the Defendants. However, Plaintiff failed to plead facts to support the second element of the trademark infringement claim against defendants Angel Martinez, Angel Towing Corp, Yusniel Martinez, and Best Towing Corp. (the "Count II Movants"). Accordingly the Court should dismiss this claim as against the Count II Movants.

To assert a claim of trademark infringement where, as here, the trademark has not been registered, a plaintiff must allege that: (1) they have rights on the mark or name at issue, based on commercial use and distinctiveness; and (2) the defendant adopted a mark or name that was the same or confusingly similar to the plaintiff's such that consumers are likely to confuse the two. *See, e.g., Bei Jing Han Tong San Kun Ke Ji You Xian Gong Si v. Atl. Med. Prods., LLC*, No. 8:20-CV-2972-CEH-TGW, 2022 U.S. Dist. LEXIS 3822 *27 (M.D. Fla. Jan. 7, 2022); *see also Fla. Van Rentals, Inc. v. Auto Mobility Sales, Inc.*, 85 F. Supp. 3d 1300, 1303 (M.D. Fla. 2015) ("to prevail on a claim of trademark infringement in violation of 15 U.S.C. 1125(a), a claimant must show (1) that it had prior rights to the mark at issue and (2) that the defendant adopted a mark or name that was the same or confusingly similar….") (internal quotations omitted).

Here, Plaintiff pleaded that "Defendants have used and are using the trade name…of YUYO'S in connection with their business operations…." (Compl. at ¶ 47), and that "[t]he Defendants have used the name…of YUYO'S in connection with their actions with misleading descriptions of fact….in their dealings with others which is likely to cause confusion." (*Id.* at ¶ 48). However, the Complaint does not include any factual allegations illustrating how or to what extent the defendants named "Best Towing, Inc.," "Angel Martinez," "Yusniel Martinez," and "Angel Towing Corp." are using the name "YUYO'S" and infringing on the Yuyo's trademark. Accordingly, the allegations against the Count II movants are bare recitations of the elements of trademark infringement.

As a result, the present case stands in stark contrast to those cases where the Court has upheld claims of trademark infringement based on use of a similar names. *See, e.g., Rolex Watch U.S.A., Inc. v. Roleks Grp., LLC*, No. 3:23-cv-00122-HES-LLL, 2023 U.S. Dist. LEXIS 129743 *5 (M.D. Fla. June 20, 2023) (upholding claim of trademark infringement where plaintiff named "Rolex" adequately pleaded factual support of claim of defendant's use of a confusingly similar name, "Roleks"); *Savtira Corp. v. Hillier*, No. 8:11-cv-00719-T-24-TGW, 2011 U.S. Dist. LEXIS 60587 *7 (M.D. Fla. June 7, 2011) (holding plaintiff alleged "sufficient facts" demonstrating defendant, Savtira Corporation, adopted use of a name confusingly similar to its name, Savtira Delaware). Because Plaintiff only pleaded conclusory allegations and threadbare recitals of the elements of trademark infringement—without factual support—it fell short of its duty to adequately plead facts

4

supporting its claim. *See Pouyeh v. Bascom Palmer Eye Inst.*, 613 Fed.Appx 802, 808 (11 Cir. 2015). Accordingly, this Court should dismiss Count II as against the Count II Movants.

    **C.    Count III of Plaintiff's Complaint Fails to Allege a Cause of Action for Trademark Dilution Against any of the Defendants**

Count III of Plaintiff's Complaint alleges trademark dilution in violation of Section 495.151, Florida Statutes, against all Defendants. This Court's precedent holds that asserting a claim of trademark dilution under Section 495.151, Florida Statutes, is the same as under federal law, which requires the plaintiff show that: "(1) its mark is famous; (2) the defendant used the plaintiff's mark after the mark became famous; (3) the defendant's use was commercial and in commerce; and (4) the defendant's use of the plaintiff's mark has caused dilution." *Advance Magazine Publrs. v. Chic United States*, No. 2:20-cv-193-SPC-NPM, 2021 U.S. Dist. LEXIS 31650 *9-10 (M.D. Fla. Feb. 2, 2021). Here, the Plaintiff has failed to adequately plead that the mark is famous.

When previously confronted with allegations of trademark dilution under Section 495.151, Florida Statutes, the Court has required factual allegations supporting the claim that the mark is famous. For example, in *Phelan Holdings, Inc. v. Wendy's Int'l, Inc.*, the plaintiff pleaded that the mark was prominently displayed on its restaurant's exterior, conspicuously displayed on its website's homepage, and used in interstate commerce appearing on commercial signs, newspapers, menus, radio ads, television ads, and internet ads. No. 2:11-CV-392-

5

FtM-99DNF, 2012 U.S. Dist. LEXIS 101643 *12-13 (M.D. Fla. July 3, 2012). All of these factual allegations combined led the court to hold that the plaintiff had adequately pleaded sufficient facts demonstrating the mark had become famous. *Id.* at 12; *see also Cole-Palmer Instrument Co. LLC v. Prof'l Labs., Inc.*, 568 F. Supp. 3d 1307, 1317 (M.D. Fla. 2021) (holding that because plaintiff pleaded facts showing that the mark at issue was used in commerce and came to be associated with "high quality" products from the plaintiff, plaintiff had adequately pleaded the mark was famous).

Here, in contract, Plaintiff failed to allege any facts supporting the claim that the mark has become famous. Section 495.151, Florida Statutes, provides a list of eight elements for a court to consider in determining whether or not a mark is famous. Nowhere in the Complaint does Plaintiff attempt to allege any facts that would show the mark is famous according to the eight elements found in Section 495.151, Florida Statutes. Instead, Plaintiff only conclusively alleges that "[b]ased on the duration and extent of YUYO's use of its mark and the degree of public recognition of YUYO's mark, YUYO's mark meets the statutory requirements of Fla. Stat. § 495.151." (Compl. ¶53). Notwithstanding this invalid legal conclusion, Plaintiff did not attempt to allege facts that support public recognition. Even as to the duration of Plaintiff's alleged use of the mark, Plaintiff alleges once that the mark had been used since 2009 (Compl. ¶12), but fails to further allege facts showing this duration of use has made the mark famous. Again, Plaintiff relies on barebone allegations and conclusory statements that the requisite elements are

6

met—both of which are insufficient to support its claim. *See Pouyeh v. Bascom Palmer Eye Inst.*, 613 Fed.Appx 802, 808 (11 Cir. 2015).

For these reasons, Plaintiff has failed to plead sufficient facts to allege that the trademark was famous, and has therefore failed to allege a cause of action against the Defendants for trademark dilution under Section 495.151, Florida Statutes. Accordingly, this Court should dismiss Claim III as against all of the Defendants.

## IV.   Conclusion

Because Claims II of Plaintiff's Complaint rely on conclusory statements and threadbare recitation of the cause of action elements, Plaintiff has failed to allege facts demonstrating that the Angel Entities have adopted a mark confusingly similar to the Plaintiff's—the second prima facie element required in a cause of action for Trademark Infringement. Accordingly, this Court should dismiss Count II as against Angel Martin, Angel Towing Corp., Yusniel Martinez, and Best Towing, Inc. Further, again relying on threadbare assertions and recitations of elements, Plaintiff failed to demonstrate that its mark has become famous according to the statutory criteria found in Section 465.151, Florida Statutes. Accordingly, Count III fails as against all Defendants, and this Court should dismiss the claim.

DATED this 9th day of May, 2024.

## **LOCAL RULE 3.01(g) CERTIFICATION**

The movants hereby certify, through counsel, that the movant emailed a copy of this motion to Plaintiff's counsel on May 8, 2024, and called Plaintiff's counsel at 10:23 a.m. on May 9, 2024 in a good faith effort to resolve this motion. Plaintiff's counsel was unavailable for a conference prior to the filing of this motion, and therefore movant's counsel will diligently for three days try to contact the opposing party and supplement the motion with a statement certifying whether the parties have resolved all or part of the motion.

By: *s/ Javier A. Pacheco*
      JAVIER A. PACHECO
      FL Bar No.: 51368

           PORTER, WRIGHT MORRIS & ARTHUR LLP
           *Attorneys for Defendants*

           By: *s/ Javier A. Pacheco*
                 JAVIER A. PACHECO
                 FL Bar No.: 51368
                 SARA K. WHITE
                 FL Bar No. 0086014
                 9132 Strada Place, Third Floor
                 Naples, Florida 34108
                 ph: (239) 593-2900
                 fax: (239) 593-2990
                 E-mails:
                 jpacheco@porterwright.com
                 swhite@porterwright.com
                 kmead@porterwright.com

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was served through the CM/ECF system, which will send notice of electronic filing to all registered users, and via email this 9th day of May, 2024, upon the following:

Lisbet Velazquez, Esq.
VPP Law Firm
782 NW 42 Ave., Ste 332
Miami, Florida 33126
Lisbet@vpplawfirm.com
eservice@vpplawfirm.com
*Attorney for Plaintiff*

          PORTER, WRIGHT MORRIS & ARTHUR LLP
          *Attorneys for Defendants*

          By:   *s/ Javier A. Pacheco*
                  JAVIER A. PACHECO
                  FL Bar No.: 51368
                  SARA K. WHITE
                  FL Bar No. 0086014
                  9132 Strada Place, Third Floor
                  Naples, Florida 34108
                  ph: (239) 593-2900
                  fax: (239) 593-2990
                  E-mails:
                  jpacheco@porterwright.com
                  swhite@porterwright.com
                  kmead@porterwright.com

24105259v3