UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YUYO'S TOWING, INC.,

    Plaintiff,

v.                                    Case No.:  2:24-cv-410-JLB-NPM

BEST TOWING, INC., YUSNIEL
MARTINEZ, YUYO'S TOWING
GROUP LLC, ANGEL TOWING
CORP., and ANGEL MARTINEZ,

    Defendants.
_____/

## **ORDER**

Before the Court is the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint or in the Alternative to Dismiss Counts II, III, and V of Plaintiff's First Amended Complaint.  (Doc. 37).  In compliance with Local Rule 3.01(g), Defendants supplemented their motion to dismiss.  (Doc. 38).  Plaintiff timely filed a response.  (Doc. 39).  As set forth herein, the Court finds that the motion to dismiss is **GRANTED**.  Plaintiff is afforded the opportunity to file a second amended complaint consistent with this Order.

1

## BACKGROUND[1]

This business and trademark dispute transpired after Defendant Angel Martinez sold Yuyo's Towing, Inc. to Dayron Hernandez. (Doc. 35 at ¶ 11). Plaintiff is Yuyo's Towing, Inc., the business Hernandez purchased from Angel. (*Id.* at ¶¶ 2, 11). Defendants include Best Towing, Inc.; Yuyo's Towing Group, LLC; Angel Towing Corp.; and Angel and Yusniel Martinez. (*Id.* at ¶¶ 3–7). Angel owns Angel Towing Corp. (*Id.* at ¶ 20). Yusniel is Angel's son and owns Best Towing, Inc. and Yuyo's Towing Group, LLC. (*Id.* at ¶¶ 24–25).

Under the purchase agreement, Angel was required to "transfer full ownership and control, all rights, and all tangible and intangible assets" to Hernandez. (*Id.* at ¶ 15). However, Angel failed to transfer control of Plaintiff's Google Business account, which houses past customers' reviews online. (*Id.* at ¶ 18).

Approximately a month after selling his business, Angel formed Angel Towing Corp., Plaintiff's new competitor. (*Id.* at ¶ 20). Angel encouraged Plaintiff's customers and vendors to cease their business relationships with Plaintiff and instead do business with Angel Towing Corp. (*Id.* at ¶ 21). Angel also changed the

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, n.1 (11th Cir. 1999) (internal citation omitted). As such, the Court accepts the facts recited in the Amended Complaint (Doc. 35).

name of Plaintiff's Google Business Account to reflect his new business. (*Id.* at ¶ 22).

About three years later, Yusniel opened Best Towing, Inc. and later Yuyo's Towing Group, LLC, acting through his wife. (*Id.* at ¶¶ 24–25). Yusniel created a Google Business Account for Best Towing, Inc. and later changed the name to Yuyo's Towing Group, LLC. (*Id.* at ¶ 25). Yusniel utilized internet advertising to promote Yuyo's Towing Group, LLC. (*Id.* at ¶ 26). Plaintiff generally alleges that Defendants held themselves out to the public as Plaintiff's partners, attempted to solicit and entice Plaintiff's customers and third-party vendors, and advertised using Plaintiff's tradename. (*Id.* at ¶ 28).

Plaintiff's claims include violations of Florida's Deceptive and Unfair Trade Practices Act, violations of federal trademark law, Florida statutory trademark dilution, injunctive relief, and Florida common law tortious interference with an advantageous business relationship. (Doc. 35).

## LEGAL STANDARD

To avoid dismissal subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

Plaintiff brings all claims against all Defendants. (Doc. 35). Defendants argue the Amended Complaint should be dismissed in its entirety as a shotgun pleading because it contains multiple claims against multiple defendants and fails to specify which Defendants are responsible for which acts. (Doc. 37 at 4–5). Defendants alternatively argue that the federal trademark infringement claim (Count II), Florida trademark dilution claim (Count III), and Florida common law tortious interference with an advantageous business relationship claim (Count V) should be dismissed for their failures to state a claim. (*Id.* at 6). Specifically, Defendants argue Count II contains no factual allegations regarding how and to what extent certain defendants used Plaintiff's trademark (*id.* at 6–8); Count III fails to include factual allegations that the trademark is "famous" (*id.* at 8–10); and Count V fails to allege that Defendants' actions caused a breach of a business relationship and merely relies on threadbare allegations (*id.* at 10–12).

Plaintiff contends that the Amended Complaint is not a shotgun pleading because "[i]n meticulous detail, Plaintiff sets out exactly what is alleged against *each* Defendant" in the paragraphs prior to the counts. (Doc. 39 at 5). Plaintiff also argues that Counts II and III have been adequately pleaded, citing multiple paragraphs of the Amended Complaint (*id.* at 5–8), that whether a mark is "famous" enough to sustain Count III is an appropriate inquiry at the summary judgment stage or trial (*id.* at 8–9), and that Count V sufficiently sets out the

4

required elements for a tortious interference with an advantageous business relationship claim (*id.* at 9).

The Court finds that the Amended Complaint is an impermissible shotgun pleading and that the federal trademark infringement claim (Count II), the Florida trademark dilution claim (Count III), and common law tortious interference claim (Count V) fail to state causes of action.

**I.      The Amended Complaint is an Impermissible Shotgun Pleading.**

Defendants contend that the Amended Complaint should be dismissed as a shotgun pleading because every count is brought against the Defendants collectively, without identifying the Defendants' individual acts. (Doc. 37 at 5). Plaintiff merely responds that their allegations in Paragraphs 11 through 31 (the paragraphs preceding the counts) are sufficient. (Doc. 39 at 5).

Complaints violating either Federal Rule of Civil Procedure 8(a)(2) or 10(b) are colloquially referred to as impermissible "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Here, the type of shotgun pleading at issue is that which alleges "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions[.]" *Id.* This Court consistently dismisses shotgun pleadings that fail to "adequately specify which Defendants are responsible for which actions." *Minott v.*

5

*City of Fort Myers*, No. 2:23-CV-20-JLB-NPM, 2024 WL 1140890, at *3 (M.D. Fla. Mar. 15, 2024); *Wood v. Fla.*, No. 8:22-CV-66-JLB-JSS, 2022 WL 1470348, at *4 (M.D. Fla. May 10, 2022); *Johnson v. Landsman*, No. 8:21-CV-2704-JLB-TGW, 2022 WL 1470320, at *3 (M.D. Fla. May 10, 2022).

Although Plaintiff specifically identifies the actions of *some* Defendants, the Amended Complaint is replete with instances where Plaintiff paints only broad strokes about the Defendants collectively. For example, Count I alleges that Defendants "misappropriat[ed] confidential proprietary information held by [Plaintiff]" in their attempts to solicit and influence clients and third-party business relationships (Doc. 35 at ¶ 36), Defendants represented themselves as Plaintiff's business partners (*id.* at ¶ 37), and that Defendants withheld Plaintiff's Google Business account (*id.* at ¶ 39). Yet, Angel is the only defendant specifically identified as having engaged in this conduct. (*Id.* at ¶¶ 21–22). Counts II and III allege Defendants' use of Plaintiff's trade name, yet the only specific conduct alleged is that of Yusniel and Yuyo's Towing Group, LLC. (*Id.* at ¶¶ 13–14, 25–26, 46, 53). Similarly, Counts IV and V make the same allegations as those made in Counts I–III, without providing anything more specific. (*Id.* at ¶¶ 59, 68).

In short, the Amended Complaint fails to provide the specific acts of each defendant that are attributed to each claim. Simply put, the allegations fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Thus, to better apprise

Defendants of the allegations against them, the Amended Complaint is dismissed with leave to amend.

## II. The Federal Trademark Infringement Claim (Count II) fails to state a claim against Angel, Angel Towing, Corp., and Best Towing, Inc.

One of the required elements of federal trademark infringement is another party's "adopt[ion] [of] a mark or name that was the same" as the trademark owner's mark or name. *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1346 (11th Cir. 2012). Defendants argue that the federal trademark infringement claims against Angel, Yusniel, Angel Towing Corp., and Best Towing, Inc. should be dismissed because Plaintiff did not allege that any of those defendants used the tradename. (Doc. 37 at 6–7). Thus, according to Defendants, Yuyo's Towing Group, LLC is the only defendant against which Plaintiff properly brings a federal trademark infringement claim. Plaintiff responds by citing ten instances where they supposedly make the necessary factual allegations against those remaining defendants. (Doc. 39 at 6–8).

Defendants' position is founded on the same factual deficiencies identified by the Court when evaluating Count II as a shotgun pleading: Plaintiff fails to identify Angel, Angel Towing Corp., and Best Towing, Inc.'s conduct. The Amended Complaint only specifically alleges Yusniel and Yuyo's Towing Group, LLC's use of Plaintiff's tradename. (Doc. 35 at ¶¶ 13–14, 25–26). Thus, even if the Amended

7

Complaint was not dismissed as a shotgun pleading, Count II fails to state a claim against Angel, Angel Towing, Corp., and Best Towing, Inc.

### III. The Trademark Dilution Claim (Count III) Fails to Allege That the Mark is "Famous."

Defendants argue the claim for trademark dilution should be dismissed because Plaintiff failed to sufficiently allege that the mark is "famous." (Doc. 37 at 9). Plaintiff contends that Paragraph 52 of the Amended Complaint (where Plaintiff alleges the "the duration and extent of [Plaintiff's] use of its mark in commerce and the degree of public recognition of [Plaintiff's] mark" meets the statutory requirements) provides sufficient factual allegations that the tradename is famous enough to sustain a cause of action. (Doc. 39 at 8). Plaintiff also argues that the question should be reserved for the summary judgment stage or trial. (*Id.*)

Florida Statute Section 495.151 "provides a cause of action for owners of marks that are 'famous in [Florida]' against defendants whose use of a mark or trade name . . . is likely to cause dilution of the distinctive quality of the famous mark."[2] *Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242, 1267

---

[2] The standard for establishing a trademark dilution claim under Florida Statute Section 495.151 "is essentially the same as that of a dilution claim under the Lanham Act." *Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat. Univ., Inc.*, 91 F. Supp. 3d 1265, 1286 (S.D. Fla. 2015), *aff'd sub nom. Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242 (11th Cir. 2016). "Courts should assess state law trademark dilution claims in a manner consistent with federal law." *Heron Dev. Corp. v. Vacation Tours, Inc.*, No. 16-20683-CIV, 2017 WL 5957743, at *12 (S.D. Fla. Nov. 30, 2017).

8

(11th Cir. 2016) (quoting Fla. Stat. § 495.151(1)). Within the statute are eight non-exhaustive factors courts can consider in their analysis of "whether a mark is distinctive and famous." Fla. Stat. § 495.151(1). To survive a motion to dismiss, "the requisite famousness must at least indicate that the marks at issue are widely recognized by the general consuming public of the State of Florida" and provide more than bare conclusory allegations. *USA Nutraceuticals Grp., Inc. v. Musclepharm Corp.*, No. 11-80960-CIV, 2012 WL 13019035, at *3 (S.D. Fla. May 17, 2012) (dismissing a trademark dilution claim when the plaintiff's allegations merely alleged the mark's recognition within a specific market and not the public at large); *Brain Pharma, LLC v. Scalini*, 858 F. Supp. 2d 1349, 1357 (S.D. Fla. 2012) (dismissing a trademark dilution claim when the plaintiff's allegations were too conclusory and merely alleged the mark was famous within the meaning of the statute); *WHITE PEOPLE HUMOR, LLC, v. THE 904 NOW LLC, et al.*, No. 24-CV-80232, 2024 WL 4427684, at *3 (S.D. Fla. June 14, 2024) (dismissing a trademark dilution claim when the plaintiff failed to allege "any facts supporting the inference that its trademark [was] distinctive or that the trademark has a high degree of recognition in the state[.]"); *Holding Co. of the Villages, Inc. v. Little John's Movers & Storage, Inc.*, No. 5:17-CV-187-OC-34PRL, 2017 WL 6319549, at *4 (M.D. Fla. Dec. 11, 2017) (dismissing a trademark dilution claim when the plaintiff merely provided conclusory allegations insufficient to support such a claim). Examples of marks that meet this "exceptionally high" threshold include Exxon, Kodak, and

9

Coca-Cola. *It's a 10, Inc. v. Beauty Elite Grp., Inc.*, No. 13-60154-CIV, 2013 WL 6834804, at *8 (S.D. Fla. Dec. 23, 2013).

Here, the Amended Complaint alleges that Plaintiff's mark is sufficiently famous and meets the statutory requirements "[b]ased on the duration and extent of [Plaintiff's] use of its mark in commerce and the degree of public recognition of [Plaintiff's] mark[.]" (Doc. 35 at ¶ 52). Other factual allegations in the Amended Complaint allege that the trademark has been "utilized in commerce since February 22nd, 2009, and has since become well known by consumers in the South Florida region." (*Id.* at ¶ 11). Other than those conclusory allegations, Plaintiff fails to allege facts to establish that their mark was "famous" enough to support a trademark dilution claim. Thus, Plaintiff's failure to allege that the trademark is "famous" is yet another ground to dismiss Count III.

### IV. The Tortious Interference Claim (Count V) Fails to Allege Successful Interference by Defendants.

Defendants argue that Plaintiff fails to allege that "Defendants' actions caused a breach of a business relationship." (Doc. 37 at 11). Additionally, Defendants argue that the remaining elements of the tortious interference claim are unmet because Plaintiff provides "threadbare allegations that amount to no more than recitations of the elements of the cause of action." (*Id.*). Plaintiff's only response in opposition is that the elements of a tortious interference claim "have been set out in paragraphs 66 through 69." (Doc. 39 at 9).

10

To establish a tortious interference claim, Plaintiff must show: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Tamiami Trail Tours, Inc. v. Cotton,* 463 So. 2d 1126, 1127 (Fla. 1985). Notably, "[a]n integral element of a claim of tortious interference with a business relationship requires proof of damage to the plaintiff *as a result of the breach of the relationship.*" *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994) (citing *Tamiami Trail Tours, Inc.*, 463 So. 2d at 1127 (emphasis added). As such, the interference *must have been successful* in order to be actionable. *Id.* at 1092.

Here, Plaintiff alleges that Defendants interfered with Plaintiff's business relationships with customers and other business relations by "holding themselves out as business partners, utilizing tradenames, and soliciting customers and business entities affiliated with [Plaintiff]." (Doc. 35 at ¶ 68). Plaintiff also alleges that Defendants *attempted* to solicit Plaintiff's customers and other business relations. (*Id.* at ¶¶ 21, 28). The Amended Complaint provides no indications that Defendants' actions amounted to *successful* interference resulting in a breach of the business relationships. Instead, Plaintiff establishes nothing more than mere *attempts* to breach these business relationships and fails to allege that the business relationships were *actually* breached. *Balesia Techs., Inc. v. Calvo*, No. 22-CV-

11

62085, 2023 WL 3778271, at *10 (S.D. Fla. Apr. 27, 2023), *report and recommendation adopted sub nom. Balesia Techs., Inc. v. Cuellar*, No. 22-CV-62085-RAR, 2023 WL 3491214 (S.D. Fla. May 17, 2023) (dismissing a tortious interference claim when the plaintiff did not indicate that the defendant was actually successful in his attempts to interfere with the plaintiff's business relationships); *Am. Med. Int'l, Inc. v. Scheller*, 462 So. 2d 1, 9 (Fla. 4th DCA 1984) (finding no tortious interference claim existed when there was no evidence that the business relations actually breached their relationships with the plaintiff). Accordingly, this is yet another ground to dismiss Count V.

Accordingly, the Court dismisses the Amended Complaint with leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

*(rest of page intentionally left blank)*

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. 37) is **GRANTED**.

2. The Amended Complaint (Doc. 35) is **DISMISSED without prejudice**, and Plaintiff shall have leave to file an amended complaint. Should Plaintiff do so, Plaintiff must file such within fourteen (14) days. Failure to do so will result in the closure of this case without further notice.

**ORDERED** in Fort Myers, Florida, on December 13, 2024.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE