UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YUYO'S TOWING, INC.,

    Plaintiff,

v.                                         Case No.:  2:24-cv-410-JLB-NPM

BEST TOWING, INC., YUSNIEL
MARTINEZ, YUYO'S TOWING
GROUP LLC, ANGEL TOWING
CORP., and ANGEL MARTINEZ,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Verified Second Amended Complaint. (Doc. 59). Plaintiff filed a response.[1] (Doc. 60). The Court previously dismissed the Amended Complaint (Doc. 35) without prejudice (*see* Doc. 44), and Plaintiff filed a second amended complaint accordingly (Doc. 58). As set forth herein, the Court finds that the motion to dismiss is **GRANTED in part and denied in part**.

---

[1] Plaintiff's response was due on March 11, 2025, twenty-one days after the Motion to Dismiss was filed. *See* Local Rule 3.01(c). Plaintiff responded on March 12, 2025. Despite this, the Court has carefully considered the arguments set forth in the response. Going forward, both parties are noticed of the Court's expectation of compliance with the Local Rules.

1

## BACKGROUND[2]

This is a business and trademark dispute that transpired after Defendant Angel Martinez sold Yuyo's Towing, Inc. to Dayron Hernandez. (Doc. 58 at ¶ 14). Plaintiff is Yuyo's Towing, Inc., the business Hernandez purchased from Angel. (*Id.* at ¶¶ 2, 14). Defendants include Best Towing, Inc., Yuyo's Towing Group, LLC, and Angel Towing Corp.—businesses owned by either Angel or his son Yusniel Martinez, who is also a named Defendant. (*Id.* at ¶¶ 3–7, 21, 33–34). Defendants are in competition with Plaintiff. (*Id.*).

Yusniel and his wife, acting through Defendant Yuyo's Towing Group, LLC, commenced advertising campaigns using a name very similar to Plaintiff's mark. (*Id.* at ¶¶ 34–35). Plaintiff had been using its mark in the Naples, FL area since 2009 and currently has an application pending with the United States Patent and Trademark Office (USPTO). (*Id.* at ¶¶ 27–28).

Plaintiff's claims include: violations of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), violations of federal trademark law, Florida statutory trademark dilution, injunctive relief, and Florida common law tortious interference with an advantageous business relationship. (*See generally* Doc. 58).

---

[2] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, n.1 (11th Cir. 1999) (internal citation omitted). As such, the Court accepts the facts recited in the Second Amended Complaint (Doc. 58).

## LEGAL STANDARD

To avoid dismissal subject to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

Defendants argue that the Florida trademark dilution claim (Count IV), injunctive relief claims (Counts V and VI), and Florida common law tortious interference claims (Counts VII and VIII) should be dismissed for their failure to state claims. (Doc. 59). Specifically, Defendants argue that the trademark dilution claim fails to sufficiently allege that the trademark is "famous" (*id.* at 3–6), the injunctive relief claims are not causes of action (*id.* at 6–7), and that the tortious interference claims fail to identify specific business relationships (*id.* at 7–10).

Plaintiff argues that they have sufficiently alleged that the mark was famous enough and that further factual inquiry is improper at the pleading stage. (Doc. 60 at 4–5). However, Plaintiff agrees that the injunctive relief claims should be dismissed but seeks leave to amend his complaint to include injunctive relief in the appropriate surviving counts. (*Id.* at 5). Plaintiff also agrees that the tortious

3

interference claims (Counts VII and VIII) should be dismissed for failure to allege actual successful interference. (*Id.* at 5–6). Thus, the Court will turn its attention to the only remaining argument in the motion to dismiss—whether Plaintiff has sufficiently stated a claim for trademark dilution.

Within the Florida statute providing a cause of action for trademark dilution are eight non-exhaustive factors courts can consider in the analysis of "whether a mark is distinctive and famous."[3] Fla. Stat. § 495.151(1). Those factors include:

    (a)   The degree of inherent or acquired distinctiveness of the mark in this state.

    (b)   The duration and extent of use of the mark in connection with the goods and services with which the mark is used.

    (c)   The duration and extent of advertising and publicity of the mark in this state.

    (d)   The geographical extent of the trading area in which the mark is used.

    (e)   The channels of trade for the goods or services with which the mark is used.

    (f)   The degree of recognition of the mark in the trading areas and channels of trade in this state used by the mark's owner and the person against whom the injunction is sought.

    (g)   The nature and extent of use of the same or similar mark by third parties.

---

[3] The standard for establishing a trademark dilution claim under Florida Statute Section 495.151 "is essentially the same as that of a dilution claim under the Lanham Act." *Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat. Univ., Inc.*, 91 F. Supp. 3d 1265, 1286 (S.D. Fla. 2015), *aff'd sub nom. Fla. Int'l Univ. Bd. of Trustees v. Fla. Nat'l Univ., Inc.*, 830 F.3d 1242 (11th Cir. 2016). "Courts should assess state law trademark dilution claims in a manner consistent with federal law." *Heron Dev. Corp. v. Vacation Tours, Inc.*, No. 16-20683-CIV, 2017 WL 5957743, at *12 (S.D. Fla. Nov. 30, 2017).

      (h)    Whether the mark is the subject of a state registration in this state or a federal registration[.]

Fla. Stat. § 495.151(1)(a)–(h).  "[T]he requisite famousness must at least indicate that the marks at issue are widely recognized by the general consuming public of the State of Florida." *USA Nutraceuticals Grp., Inc. v. Musclepharm Corp.*, No. 11-80960-CIV, 2012 WL 13019035, at *3 (S.D. Fla. May 17, 2012).  Indeed, the threshold for a showing of fame is "exceptionally high." *It's a 10, Inc. v. Beauty Elite Grp., Inc.*, No. 13-60154-CIV, 2013 WL 6834804, at *8 (S.D. Fla. Dec. 23, 2013).  A "mark must have a degree of distinctiveness and strength beyond that needed to serve as a trademark; it must be 'truly prominent and renowned.'" *HBP, Inc. v. Am. Marine Holdings, Inc.*, 290 F. Supp. 2d 1320, 1338 (M.D. Fla. 2003) (quoting *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 875 (9th Cir. 1999)).  Examples of famous marks in Florida are "Florida International University" and "FIU." *Fla. Int'l Univ. Bd. of Trs.*, 91 F. Supp. 3d at 1287 (finding marks were famous enough when they had been used for 50 years, were used in regular advertising and promotions, and were registered with the USPTO).

      The Court previously dismissed the trademark dilution claim for its failure to allege that the mark was sufficiently famous.  (Doc. 44 at 10).  It is not evident that the Second Amended Complaint provides any new facts to support the Court's analysis of "whether a mark is distinctive and famous" enough to support a trademark dilution claim in Florida.  Fla. Stat. § 495.151(1).  Once again, Plaintiff

5

argues that the Court's consideration of such is improper at the pleading stage.[4] (Doc. 60 at 5). This time though, with facts previously alleged in the First Amended Complaint, Plaintiff seems to argue that the duration of the mark's use and the pending application for registration with the USPTO are sufficient to allege that the mark is "famous." (Doc. 58 at ¶ 27–28). Plaintiff does not provide the Court with any relevant trademark dilution cases to support their arguments.

Of those eight factors that courts consider in their analysis of whether a mark is "famous" enough, Plaintiff only alleges the mark's duration (used since 2009) and the geographic area in which the mark is used (Naples, FL). (*Id.* at ¶ 27; Doc. 60 at 4). Even by Plaintiff's own admission, the mark is "well known by consumers in the South Florida region"—not the entire state. (Doc. 58 at ¶ 14). Also, because federal or state registration of the mark is another factor, Plaintiff infers that the mark's *pending application* with the USPTO is somehow the same as a federal registration with the USPTO. (*Id.* at ¶ 28; Doc. 60 at 4). Obviously, a pending application for registration is not the same as a registered mark and, thus, cannot support this factor. These allegations fail to support the conclusion that the mark is famous in the state of Florida. *See Freedom Mentor, LLC v. Saeger*, No. 618-CV-1235-ORL-40-DCI, 2019 WL 313788, at *6 (M.D. Fla. Jan. 24, 2019)

---

[4] The Court previously cited to multiple cases where courts dismissed trademark dilution claims for their failure to sufficiently allege that the mark was "famous" enough. *Yuyo's Towing, Inc. v. Best Towing, Inc.*, No. 2:24-CV-410-JLB-NPM, 2024 WL 5111693, at *3 (M.D. Fla. Dec. 13, 2024) (collecting cases). Thus, the Court declines to revisit this argument.

(dismissing a trademark dilution claim when the plaintiff alleged the duration of the mark's use but failed to provide factual allegations "as to monies spent on advertising, Plaintiff's sales, and hard numbers showing that the marks are widely recognized[,]" while contrasting the mark with "truly famous" marks like Budweiser and Barbie dolls); *Brain Pharma, LLC v. Scalini*, 858 F. Supp. 2d 1349, 1357 (S.D. Fla. 2012) (dismissing a trademark dilution claim when the plaintiff's allegations were too conclusory and merely alleged the mark was famous within the meaning of the statute and that the mark was in use since 2009).

Plaintiff's general allegations, identical to what was alleged in the Amended Complaint, that "[b]ased on the duration and extent of [Plaintiff's] use of its mark in commerce and the degree of public recognition of [Plaintiff's] mark, [Plaintiff's] mark meets the statutory requirements of Fla. Stat. § 495.151 and is distinctive" are conclusory at best. (Doc. 58 at ¶ 77). Put simply, there are no indications that Plaintiff's mark is "widely recognized by the general consuming public of the State of Florida." *USA Nutraceuticals Grp., Inc.*, 2012 WL 13019035, at *3.

The trademark dilution claim, once again, does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5] *Iqbal*, 556 U.S. 662, 678 (2009). Thus, Count IV is dismissed.

---

[5] Although not raised by Defendants, the Court also notes that Plaintiff cannot state a plausible claim for trademark dilution for another reason: "principles of trademark dilution have no application where, as here, the owner of the mark, and the infringer, are involved in the same trade." *Platinum Props. Inv. Network, Inc. v. Sells*, No. 18-61907-CIV, 2019 WL 2247544, at *9 (S.D. Fla. Apr. 11, 2019) (dismissing a Florida trademark dilution claim

Accordingly, the Court dismisses the injunctive relief, tortious interference, and trademark dilution claims. Plaintiff will be given leave to file a Third Amended Complaint for the sole purpose of including injunctive relief as a type of relief sought. *See GlobalOptions Servs., Inc. v. N. Am. Training Grp., Inc.*, 131 F. Supp. 3d 1291, 1302 (M.D. Fla. 2015) (dismissing injunctive relief claims but allowing the non-moving party to pursue injunctive relief as a remedy for their remaining claims upon amendment).

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1) Defendants' Motion to Dismiss Plaintiff's Verified Second Amended Complaint (Doc. 59) is **GRANTED in part and denied in part**.

(2) The Second Amended Complaint (Doc. 58) is **DISMISSED without prejudice**, and Plaintiff shall have leave to file a Third Amended Complaint with the sole purpose of including injunctive relief as a remedy for the surviving claims. The FDUTPA violation claims (Counts I and II) and federal trademark infringement claim (Count III)

---

with prejudice when the plaintiff failed to sufficiently allege that the mark was famous, and the trademark dilution statute did not apply because the plaintiff and defendant were involved in the same industry); 3 McCarthy on Trademarks and Unfair Competition § 24:74 (discussing that in Florida, trademark dilution is confined to "cases where the marks are very similar, but the products or services are so unlike that there is no likelihood of confusion[.]"); *Harley-Davidson Motor Co. v. Iron Eagle of Cent. Fla., Inc.*, 973 F. Supp. 1421, 1426 (M.D. Fla. 1997) ("This dilution concept is meant to apply to similar marks on *dissimilar* products."). Here, Plaintiff and Defendant Yuyo's Towing Group, LLC are both businesses who provide towing services.

8

remain and should be included in Plaintiff's Third Amended Complaint, should Plaintiff choose to proceed forth with this litigation. If so, Plaintiff must file a Third Amended Complaint within fourteen (14) days of the date of this Order. Failure to do so will result in the closure of this case without further notice.

**ORDERED** in Fort Myers, Florida on May 30, 2025.

*John L. Badalamenti*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE